IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

IN THE MATTER OF THE COMPLAINT OF  )
JACK TANNER TOWING COMPANY, INC.,  )
A CORPORATION, FOR EXONERATION     )   Case No. 14-cv-01479
FROM OR LIMITATION FROM LIABILITY  )

**ORDER AND OPINION**

This matter is before the Court on Claimant Terry Blakely's ("Blakely") Motion to Dismiss or in the Alternative Strike or in the Alternative Require a More Definite Statement [12] Plaintiff, JACK TANNER TOWING COMPANY, INC.'s, ("Tanner") Complaint for Exoneration From or Limitation of Liability [1].  This matter has been fully briefed and this Order follows.

**BACKGROUND**

This is an action in admiralty for exoneration or limitation of a vessel owner's liability pursuant to 46 U.S.C. § 30505, et seq. On August 3, 2014, near Havana, Illinois, on the *M/V Norman L*, owned by Tanner, Blakely, an employee of Tanner, was working as a deckhand.  At approximately 7:45 A.M., Tanner was allegedly struck and injured by a grapple hook he was using to remove a tree limb from a shore wire. As a result of the April 3, 2014 incident, Blakely claims he sustained significant injuries to his head and right eye. On December 18, 2014, Tanner filed a Complaint for Exoneration From or Limitation of Liability.  On March 5, 2015, Blakely filed the current motion before the Court.

**DISCUSSION**

**I.    Legal Standard**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.  See <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); <u>Gould v. Artisoft, Inc.</u>, 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f).  More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." <u>Bell Atlantic Corp. v. Twombly, 127 S.Ct.</u> 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." <u>Id.</u>; <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  See <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984); <u>Lanigan v. Village of East Hazel Crest</u>, 100 F.3d 467 (7th Cir. 1997); <u>M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.</u>, 62 F.3d 967, 969 (7th Cir. 1995); <u>Early v. Bankers Life & Cas. Co.</u>, 959 F.2d 75 (7th Cir. 1992).

The requirements for a Complaint for Exoneration from or Limitation of Liability are set forth in Rule F, Section 2 of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.  Section 2 specifically states:

> The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising out of

that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon; whether the vessel was damaged, lost or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable. Fed. R. Civ. P. Supp. R. F (2).

## II. Analysis

As to the request to dismiss the Complaint in its entirety, the request is denied as the Complaint complies with Section (2) of Rule F. The complaint sets forth the jurisdictional statement, who the claimant is and the state of the voyage with the date and place of termination. It addresses the anticipated loss, if any, and unsatisfied liens or claims of lien so far as known to the plaintiff, the fair market value of the vessel, as well as a stipulation for costs or security.  In addition, the Complaint sets forth a statement that gives the claimant fair notice of what the claim is and the grounds upon which it rests.  See Erickson v Pardus, 551 U.S 89, 93 (2007).

As to the request to strike paragraphs nine and twelve, the request is denied for the reason that follows. Paragraph nine of the complaint states "[t]he incident of April 3, 2014, and any injuries and damages that Blakely may sustained as a result thereof, were not caused or contributed to by any fault, neglect, want of care, or design on the part of Tanner or *M/V Norman L* or anyone for whom Tanner may have been responsible, but rather was caused in whole or in part by the fault, carelessness and negligence of Blakely." See Docket Entry No. 1, ¶ 9.

Paragraph twelve states "[i]n claiming exoneration from liability for any losses, damages, and/or injuries occasioned or incurred by reason of the incident of April 3, 2014 which is described herein, and for any and all claims arising therefrom, Tanner states it has a valid defense thereto based on facts and the law." See Docket Entry No. 1, ¶ 12.

In addressing Paragraphs 9 and 12, the Court is reminded that a complaint such as this, seeking exoneration, differs from the more typical complaint filed in federal courts. As set forth in Plaintiff's response, complaints generally set out affirmative facts that give rise to the claim. Conversely, in a complaint seeking exoneration, the relief being sought is often based on the proposition that no negligence on Plaintiff's part caused the Claimant's injury or injuries, similar to that of an affirmative defense.

Thus, in requesting exoneration from as well as limitation of liability, Plaintiff's statement that it is free from negligence, read in the entire context of the complaint provides Blakely with sufficient information to give him fair notice of Tanner's claims that it should exonerated or assessed limited liability. Accordingly, Claimant's Motion is denied.

## CONCLUSION

For the reasons set for above, Claimant's Motion to Dismiss or in the Alternative Strike or Require a More Definitive Statement is DENIED [12]. This case is referred to the Magistrate Judge for further proceedings.

Entered this 13th day of July, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge